UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-861 EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a former county inmate, now state prisoner, proceeds without counsel in an action brought under 42 U.S.C. § 1983. He has requested leave to proceed in forma pauperis. ECF Nos. 17, 18.

## Application to Proceed IFP

28 U.S.C. § 1915 provides that:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court notes that plaintiff has filed at least three cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Humes v. Farris*, No. 2:17-cv-2440-JAM-AC (E.D. Cal. Jul. 18, 2018) (order

1

dismissing action for failure to state a claim); (2) *Humes v. Spence*, No. 2:17-cv-2617-MCE-KJN (E.D. Cal. Jun. 13, 2018) (order dismissing action for failure to state a claim); (3) *Humes v. Sacramento County*, 2:18-cv-0241-KJM AC (E.D. Cal. June 7, 2018) (order dismissing action for failure to state a claim). The instant action was filed on April 9, 2018, however, and thus these strikes cannot be considered insofar as they were assessed after that date.

Accordingly, plaintiff's application – insofar as it is otherwise adequate – will be granted. By separate order, the agency having custody of plaintiff will be directed to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

<u>Screening Requirements</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

<u>Screening Order</u>

Plaintiff's alleges that Sacramento County is violating his rights by continuing to report his convictions for failure to register as a sex offender, in spite of the fact that unspecified crimes were allegedly expunged in Placer County Superior Court. ECF No. 1 at 4. Attached to his complaint are several pages of records indicating the following:

(1) On January 6, 1999 plaintiff was convicted in the Sacramento County Superior Court of unlawful sexual intercourse with a minor (*id.* at 6);

(2) This conviction – to which plaintiff pleaded no contest - was a felony pursuant to PC § 261.5(c) (ECF No. 1 at 8-9);

(3) Plaintiff has made several notations in the margins wherein he argues, without citation to any legal authority, that this conviction was a misdemeanor rather than a felony (*id.* at 6,9); and

3

(4) Plaintiff claims that an unnamed clerk called him on an unspecified date and told him that she was "switching" his conviction from a misdemeanor to a felony (*id.* at 9).

Plaintiff's claims regarding the purported inaccuracy of his 1999 conviction are not cognizable. Implicit in his allegations is the undisputed fact that state records currently list him as having been convicted of a felony on that date. Thus, success in this action would necessarily imply the invalidity of the currently listed conviction. The Supreme Court has held that a section 1983 claim which would imply the invalidity of the claimant's underlying conviction or sentence, even one seeking only monetary damages, may not proceed unless the claimant can demonstrate that the conviction has been invalidated on appeal, by habeas petition, or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-84 (1994). Plaintiff makes no claim that this conviction was invalidated.[1] And the fact that plaintiff is making the unusual argument that he was never convicted in the first place does not provide an exception because, again, acceptance of that argument would necessarily imply the invalidity of a conviction of record.[2]

If plaintiff believes that Sacramento County's records are erroneous – either because of good-faith error or bad-faith tampering – he may avail himself of the appropriate state procedure for challenging or correcting the record. Alternatively, plaintiff may file a federal habeas petition if he believes that some federal ground for overturning his conviction exists.

/////

---

[1] As noted *supra*, plaintiff does argue that the Placer County Superior Court expunged some unspecified crimes. Obviously, this crime was not among them insofar as plaintiff is challenging it here.

[2] The court recognizes that, given the distant date of the conviction, habeas remedies may well be unavailable to plaintiff at this point. In *Nonnette v. Small*, the Ninth Circuit held that the mootness of habeas relief – the plaintiff in that case had been released from incarceration – militated in favor of allowing the plaintiff to proceed with his section 1983 claim based on the invalidity of a prison disciplinary proceeding that caused him to lose good time credits. 316 F.3d 872, 876 (9th Cir. 2002). In subsequent decisions, however, the Ninth Circuit limited *Nonnette* and held that "*Nonnette*'s relief from *Heck* affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters, not challenges to an underlying conviction . . ." *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006).

The court declines, however, to recharacterize the immediate action as a federal habeas petition. Plaintiff has not set forth any of the necessary facts, such as whether this conviction was challenged on direct or collateral review or whether his pursuit of these remedies was timely. Nor has he in any way indicated his actual intent to pursue a federal habeas action.

In light of the foregoing, the court finds that plaintiff's complaint cannot be cured by amendment and, thus, will not give him leave to do so.

Accordingly, it is ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (ECF Nos. 17, 18) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;
3. The Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that this action be DISMISSED without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 9, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE